1 **WO**                                                                                          RP

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                         **FOR THE DISTRICT OF ARIZONA**

8

9    Timothy P. Olmos, et al.,              )    No. CV 10-2564-PHX-GMS (MEA)
                                            )
10                Plaintiffs,               )    **ORDER**
                                            )
11   vs.                                    )
                                            )
12   David Stokes, II, et al.,              )
                                            )
13                Defendants.               )
                                            )
14   _____       )

15

16        On November 28, 2010, Plaintiff Timothy P. Olmos, who is confined in the Arizona

17   State Prison Complex-Florence, filed "Plaintiffs' Motion For Leave To File Lengthy

18   Complaint And Related Pleadings" (Doc. 1).  In conjunction with his Motion, Plaintiff

19   Olmos submitted the following documents which were lodged in this case by the Clerk of

20   Court: a *pro se* "Civil Rights Complaint By A Prisoner" (Doc. 2), which includes a

21   "Complaint Addendum" (Docs. 2 [part] and 3); a "Notice Of Appearance As Lead Plaintiff"

22   (Doc. 4); an "Application to Proceed *In Forma Pauperis* By A Prisoner Civil (Non-Habeas)"

23   (Doc. 5); a certified "Inmate Bank Account" statement (Doc. 6); an "Affidavit In Support Of

24   Complaint" (Doc. 7); a "Memorandum Establishing Conformance With 42 U.S.C.

25   § 1997e(a)" (Doc. 8), which includes "Appendices To Memorandum Establishing

26   Conformance With 42 U.S.C. § 1997e(a)"; and an "Ex Parte Motion To Modify

27   Requirements For Service Of Process" (Doc. 10).

28

JDDL

## I.      Motion for Leave to File Lengthy Complaint and Related Pleadings

In "Plaintiffs' Motion For Leave To File Lengthy Complaint And Related Pleadings" (Doc. 1), "Plaintiffs, appearing through undersigned lead Plaintiff [Olmos] in *pro se,*" move the Court "for leave to accept [the] filing of [their] lengthy original complaint and accompanying pleadings."[1]  In support of the Motion, Plaintiffs state that "ADC has a known reputation for retaliating against inmates who file § 1983 complaints" and that "Plaintiffs have thus filed all applicable complaint-related information and evidence with this Court to avoid the loss of said documentation by ADC staff."  Plaintiffs further state that Plaintiffs have been prevented "from searching case law in order to determine if the size of the complaint and other filings violate an unknown rule that requires a motion for leave to permit filing" and that "[c]onsequently, Plaintiffs are filing this 'protective' motion."  Plaintiffs also state that "Plaintiffs' base complaint raises complex legal issues that require the presentation of a broad array of evidence to prove systemwide deficiencies to substantiate the underlying claim."

In the interests of moving this case forward, the Court will grant the Motion in part and will deny it in part.  The Court will direct the Clerk of Court to file Plaintiffs' lodged "Civil Rights Complaint By A Prisoner" (Doc. 2) (Complaint).  However, because the accompanying 556-page "Complaint Addendum" is essentially an attempt to prematurely present evidence that is more appropriately presented at trial or in response to a motion for summary judgment, the Court will direct the Clerk of Court not to file Plaintiffs' lodged "Complaint Addendum" (Docs. 2 [part] and 3).[2]

The Court will further direct the Clerk of Court to file the lodged "Notice Of Appearance As Lead Plaintiff" (Doc. 4), "Application to Proceed *In Forma Pauperis* By A

---

[1]Although the Motion has been filed and signed by Plaintiff Timothy Olmos, the caption of the pleading reads "Timothy Olmos, Et Al., Plaintiffs."

[2]The instructions accompanying the court-approved Complaint form provide that "[y]ou should not submit exhibits with the complaint or amended complaint.  Instead, the relevant information should be paraphrased.  You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial."

1  Prisoner Civil (Non-Habeas)" (Doc. 5), certified "Inmate Bank Account" statement (Doc. 6);

2  "Affidavit In Support Of Complaint" (Doc. 7); and "Ex Parte Motion To Modify

3  Requirements For Service Of Process" (Doc. 10).   Because Plaintiffs' "Memorandum

4  Establishing Conformance With 42 U.S.C. § 1997e(a)" (Doc. 8), which includes a 212-page

5  "Appendices To Memorandum Establishing Conformance With 42 U.S.C. § 1997e(a)," is

6  essentially an attempt to prematurely present evidence that is more appropriately presented

7  in response to a motion to dismiss for failure to exhaust administrative remedies, the Court

8  will direct the Clerk of Court not to file Plaintiffs' lodged "Memorandum Establishing

9  Conformance With 42 U.S.C. § 1997e(a)" (Doc. 8).

10  **II.     Complaint**

11      Named as Plaintiffs in the Complaint are: (1) Timothy P. Olmos; (2) David Stokes,

12  II; (3) James Walker; (4) Jose Ulloa; (5) Roger Clark; (6) William McEnany; and (7) "all

13  others similarly situated."

14      Plaintiffs allege four counts in the Complaint.  Counts I, II, and III allege violations

15  of rights under the Eighth and Fourteenth Amendments. Count IV alleges violations of rights

16  under the First, Fifth, and Fourteenth Amendments.

17      Plaintiffs seek a jury trial, declaratory and injunctive relief, and compensatory and

18  punitive monetary damages.

19  **III.     Dismissal of Plaintiffs Stokes, Walker, Ulloa, Clark, Mcenany, and Others**

20       Although Timothy P. Olmos; David Stokes, II; James Walker; Jose Ulloa; Roger

21  Clark; William McEnany; and "all others similarly situated" are listed as Plaintiffs in the

22  caption of the Complaint, all of the pleadings in this action, including the Complaint, are only

23  signed by Plaintiff Olmos.  Additionally, in his lodged "Notice Of Appearance As Lead

24  Plaintiff" (Doc. 4) (Notice), Plaintiff Olmos "notifies the Court of his appearance as lead

25  plaintiff" and states that this "is appropriate due to the fact that his co-plaintiffs have

26  approved of Plaintiff Olmos taking this role."  Plaintiff informs the Court that as "lead

27  plaintiff, Plaintiff Olmos will be responsible for all filing fees that may be incurred by his

28  prosecution of this action" and that "[i]f any Plaintiff has died (or will die) prior to the

1    commencement or resolution of this action (Plaintiff Olmos has had no contact with any of

2    the named Plaintiffs since being moved to South Unit in October 2009), Plaintiff moves the

3    Court to permit him to continue to represent any decedents that are named Plaintiffs for the

4    benefit of their estates."

5    In effect, Plaintiff is seeking to bring this action on behalf of the other inmates that

6    he has listed as Plaintiffs in the caption of the Complaint and to act as counsel for them.  This

7    he cannot do.  See C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir.1987)

8    (while a non-attorney may represent himself, he has no authority to appear as an attorney for

9    others).  Not only have David Stokes, II; James Walker; Jose Ulloa; Roger Clark; William

10   McEnany; and "all others similarly situated" not signed the Complaint, but also, as evidenced

11   by Plaintiff Olmos's allegation in his Notice that he has not had any way to contact them

12   since October 2009, they apparently do not have any specific knowledge of what is in the

13   Complaint or that the  Complaint has been submitted to the Court.  Indeed, Plaintiff Olmos

14   does not even know if they are still alive.  Accordingly, the Court will dismiss Plaintiffs

15   David Stokes, II; James Walker; Jose Ulloa; Roger Clark; William McEnany; and "all others

16   similarly situated" from this action.  If any of these Plaintiffs desire to pursue a complaint in

17   this Court, they must file an action on their own behalf.

18   In light of the dismissal of these Plaintiffs, the Court will deny Plaintiff Olmos' Notice

19   (Doc. 4) as moot.

20   **IV.    Class Action Disallowed**

21   As evidenced by his inclusion of "all others similarly situated" as Plaintiffs in the

22   caption of the Complaint, Plaintiff Olmos appears to be attempting to bring this action in part

23   as a class action.  However, Plaintiff Olmos may not maintain this action as a class action.

24   One prerequisite to maintaining a class action is that the class "representative parties

25   will fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(4).  It

26   follows that a class action may not be certified where the representative parties are without

27   counsel.

28   Plaintiff is not an attorney.  Plaintiff is an inmate proceeding *pro se*, and although he

1   may appear on his own behalf, he may not appear as an attorney for other persons in a class

2   action.  See McShane v. United States, 366 F.2d  286, 288 (9th Cir. 1966) (non-lawyer had

3   no authority to appear as an attorney for other persons in a purported class action); C.E. Pope

4   Equity Trust, 818 F.2d at 697 (while a non-attorney may represent himself, he has no

5   authority to appear as an attorney for others); Oxendine v. Williams, 509 F.2d 1405, 1407

6   (4th Cir. 1975) (plain error to permit an inmate proceeding *pro se* to represent fellow inmates

7   in a class action).  "This rule is an outgrowth not only of the belief that a layman, untutored

8   in the law, cannot 'adequately represent' the interests of the members of the 'class,' but also

9   out of the long-standing general prohibition against even attorneys acting as both class

10  representative and counsel for the class."  Huddleston v. Duckworth, 97 F.R.D. 512, 514

11  (N.D. Ind. 1983).  Accordingly, this action will not be allowed to proceed as a class action.

12  **V.      Failure to Comply with Rule 8**

13        The four-count Complaint (Doc. 2) fails to provide "a short and plain statement of the

14  claim" as required by Rule 8(a)(2) of the Federal Rules of Civil Procedure.  Instead of

15  presenting "simple, concise, and direct" averments as required by Rule 8(d)(1) of the Federal

16  Rules of Civil Procedure, Plaintiff's 87-page Complaint contains far more narrative and

17  verbiage than required to state a claim for relief.  Moreover, the Complaint contains many

18  facts and allegations that are now moot because they relate to the dismissed Plaintiffs.

19        Also, all civil rights complaints filed by prisoners in this Court must be in accordance

20  with the instructions provided with the court-approved complaint form.  See LRCiv 3.4(a).

21  Specifically, the instructions provide that in filling out the court-approved complaint form,

22  "[i]f needed, you may attach additional pages, **but no more than fifteen additional pages**,

23  of standard letter-sized paper." Also, the last page of the court-approved form that Plaintiff

24  filed provides that "[i]f you need more space, you may attach no more than fifteen additional

25  pages." However, Plaintiff has attached approximately 80 additional pages to the Complaint.

26  **VI.     Leave to Amend**

27        For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to

28  comply with Rule 8 of the Federal Rules of Civil Procedure. Within 30 days, Plaintiff Olmos

1   may submit a first amended complaint to cure the deficiencies outlined above.  The Clerk of

2   Court will mail Plaintiff a court-approved form to use for filing a first amended complaint.

3   If Plaintiff fails to use the court-approved form, the Court may strike the amended complaint

4   and dismiss this action without further notice to Plaintiff.

5          Plaintiff must clearly designate on the face of the document that it is the "First

6   Amended Complaint."  The first amended complaint must be retyped or rewritten in its

7   entirety on the court-approved form and may not incorporate any part of the original

8   Complaint by reference.  Plaintiff may include only one claim per count.

9          In any amended complaint, Plaintiff must write out short, plain statements telling the

10  Court (1) the constitutional right Plaintiff believes was violated; (2) name of the person who

11  violated the right; (3) exactly what that individual did or failed to do; (4) how the action or

12  inaction of that person is connected to the violation of Plaintiff's constitutional rights; and

13  (5) what specific injury Plaintiff suffered because of that person's conduct.  See Rizzo v.

14  Goode, 423 U.S. 362, 371-72, 377 (1976).  If the person named as a defendant was a

15  supervisory official, Plaintiff must either state that the defendant personally participated in

16  the constitutional deprivation (and tell the Court the five things listed above), or Plaintiff

17  must state, if he can do so in good faith, that the defendant was aware of the similar

18  widespread abuses, but with deliberate indifference to Plaintiff's constitutional rights, failed

19  to take action to prevent further harm to Plaintiff (and tell the Court some facts to support this

20  claim).  King, 814 F.2d at 568; See  Monell v. New York City Department of Social

21  Services, 436 U.S. 658, 691 (1978).

22         Plaintiff must repeat this process for each person he names as a defendant.  If Plaintiff

23  fails to affirmatively link the conduct of each named defendant with the specific injury

24  suffered by Plaintiff, the claim against that defendant will be dismissed for failure to state a

25  claim. Conclusory allegations that a defendant or group of defendants have violated a

26  constitutional right are not acceptable and will be dismissed.

27         To the extent that Plaintiff desires to allege more than three counts in an amended

28  complaint, he should photocopy an extra page of page five of the court-approved form for

1   each additional count, and after renumbering the count and page as appropriate, use the extra

2   page or pages to present his other claim or claims.  **Plaintiff may attach no more than**

3   **fifteen additional pages**.

4   A first amended complaint supersedes the original complaint.  Ferdik v. Bonzelet, 963

5   F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542,

6   1546 (9th Cir. 1990).  After amendment, the Court will treat an original complaint as

7   nonexistent.  Ferdik, 963 F.2d at 1262.  Any cause of action that was raised in the original

8   complaint is waived if it is not raised in a first amended complaint.  King v. Atiyeh, 814 F.2d

9   565, 567 (9th Cir. 1987).

10  **VII.    Application to Proceed *In Forma Pauperis* and Filing Fee**

11  The Application to Proceed *In Forma Pauperis* (Doc. 5) will be granted.  28 U.S.C.

12  § 1915(a).  Plaintiff Olmos must pay the statutory filing fee of $350.00.  28 U.S.C.

13  § 1915(b)(1).  The Court will assess an initial partial filing fee of $9.60.  The remainder of

14  the fee will be collected monthly in payments of 20% of the previous month's income each

15  time the amount in the account exceeds $10.00.  28 U.S.C. § 1915(b)(2).  The Court will

16  enter a separate Order requiring the appropriate government agency to collect and forward

17  the fees according to the statutory formula.

18  **VIII.   Motion to Modify Requirements for Service of Process**

19  In the "Ex Parte Motion To Modify Requirements For Service Of Process" (Doc. 10),

20  Plaintiff Olmos "moves this Court for leave to modify the requirements for service of process

21  by permitting him to serve each Defendant only the portions of pleadings that he or she will

22  be in need of to mount a defense."  In light of the dismissal of the Complaint, the Motion will

23  be denied as moot.  In so doing, the Court notes that in the event Plaintiff Olmos files a first

24  amended complaint that the Court determines on screening states claims against named

25  Defendants, the Court will order service of the first amended complaint on said Defendants

26  by the United States Marshal as provided for in the Federal Rules of Civil Procedure.  No

27  modification of those requirements will be permitted.

28

**IX.    Warnings**

    **A.    Release**

Plaintiff Olmos must pay the unpaid balance of the filing fee within 120 days of his release.  Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result in dismissal of this action.

    **B.    Address Changes**

Plaintiff Olmos must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

    **C.    Copies**

Plaintiff Olmos must submit an additional copy of every filing for use by the Court. See LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

    **D.    Possible Dismissal**

If Plaintiff Olmos fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  See Ferdik, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

    **IT IS ORDERED:**

(1)    "Plaintiffs' Motion For Leave To File Lengthy Complaint And Related Pleadings" (Doc. 1) is **granted in part** to the extent that the Court will direct the Clerk of Court to file Plaintiff's lodged "Civil Rights Complaint By A Prisoner" (Doc. 2), "Notice Of Appearance As Lead Plaintiff" (Doc. 4), "Application to Proceed *In Forma Pauperis* By A Prisoner Civil (Non-Habeas)" (Doc. 5), certified "Inmate Bank Account" statement (Doc. 6); "Affidavit In Support Of Complaint" (Doc. 7); and "Ex Parte Motion To Modify Requirements For Service Of Process" (Doc. 10). "Plaintiffs' Motion For Leave To File

1  Lengthy Complaint And Related Pleadings" (Doc. 1) is **denied in part** to the extent that the

2  Court will direct the Clerk of Court not to file Plaintiffs' lodged 556-page "Complaint

3  Addendum" (Docs. 2 [part] and 3) and "Memorandum Establishing Conformance With 42

4  U.S.C. § 1997e(a)" (Doc. 8).

5       (2)    The Clerk of Court **must file** Plaintiffs' lodged "Civil Rights Complaint By A

6  Prisoner" (Doc. 2), **without** the 556-page "Complaint Addendum" (Docs. 2 [part] and 3);

7  "Notice Of Appearance As Lead Plaintiff" (Doc. 4); "Application to Proceed *In Forma*

8  *Pauperis* By A Prisoner Civil (Non-Habeas)" (Doc. 5); certified "Inmate Bank Account"

9  statement (Doc. 6); "Affidavit In Support Of Complaint" (Doc. 7); and "Ex Parte Motion To

10  Modify Requirements For Service Of Process" (Doc. 10).

11       (3)    The Clerk of Court **must not file** Plaintiffs' lodged 556-page "Complaint

12  Addendum" (Docs. 2 [part] and 3) and "Memorandum Establishing Conformance With 42

13  U.S.C. § 1997e(a)" (Doc. 8).

14       (4)    Plaintiffs David Stokes, II; James Walker; Jose Ulloa; Roger Clark; William

15  McEnany; and "all others similarly situated" are **dismissed** from this action.

16       (5)    This action **may not proceed** as a class action.

17       (6)    The "Civil Rights Complaint By A Prisoner" is **dismissed** for failure to comply

18  with Rule 8 of the Federal Rules of Civil Procedure. Plaintiff Timothy P. Olmos has **30 days**

19  from the date this Order is filed to file a first amended complaint in compliance with this

20  Order.

21       (7)    **If** Plaintiff Olmos fails to file an amended complaint within 30 days, the Clerk

22  of Court must, without further notice, enter a judgment of dismissal of this action with

23  prejudice.

24       (8)    The "Notice Of Appearance As Lead Plaintiff" is **denied as moot**.

25       (9)    The "Application to Proceed *In Forma Pauperis* By A Prisoner Civil (Non-

26  Habeas)" is **granted**.

27       (10)   As required by the accompanying Order to the appropriate government agency,

28  Plaintiff Olmos **must pay** the $350.00 filing fee and is assessed an initial partial filing fee

JDDL

1   of $9.60.

2       (11)    The "Ex Parte Motion To Modify Requirements For Service Of Process" is

3   **denied as moot**.

4       (12)    The Clerk of Court **must mail** to Plaintiff Olmos a court-approved form for

5   filing a civil rights complaint by a prisoner.

6       DATED this 9th day of February, 2011.

7

8       _____

9               G. Murray Snow
          United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1.  <u>Who May Use This Form</u>.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence**.  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2.  <u>The Form</u>.  **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**  The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.  You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

3.  <u>Your Signature</u>.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4.  <u>The Filing Fee</u>.  The filing fee for this action is $350.00.  If you are unable to immediately pay the filing fee, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for additional instructions.

5.  <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6.  <u>Where to File</u>.  You should file your complaint in the division **where you were confined when your rights were allegedly violated**.  <u>See</u> LRCiv 5.1(a) and 77.1(a).  If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.  If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division.  If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.  **Mail the original and one copy of the complaint with the $350 filing fee or the application to proceed *in forma pauperis* to:**

<u>Phoenix & Prescott Divisions</u>:    **OR**    <u>Tucson Division</u>:
U.S. District Court Clerk          U.S. District Court Clerk
U.S. Courthouse, Suite 130         U.S. Courthouse, Suite 1500
401 West Washington Street, SPC 10  405 West Congress Street
Phoenix, Arizona  85003-2119       Tucson, Arizona  85701-5010

7.  <u>Change of Address</u>.  You must immediately notify the Court and the defendants in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.  <u>Certificate of Service</u>.  You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed *in forma pauperis*). Each original document (except the initial complaint and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.  <u>See</u> Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

> I hereby certify that a copy of the foregoing document was mailed
> this _____ (month, day, year) to:
> Name:  _____
> Address:_____
>           Attorney for Defendant(s)
> _____
> (Signature)

9.  <u>Amended Complaint</u>.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  You may file one amended complaint without leave (permission) of Court before any defendant has answered your original complaint.  <u>See</u> Fed. R. Civ. P. 15(a).  After any defendant has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.  LRCiv 15.1.  In addition, an amended complaint may not incorporate by reference any part of your prior complaint.  LRCiv 15.1(a)(2).  **Any allegations or defendants not included in the amended complaint are considered dismissed**.  All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.  <u>Exhibits</u>.  You should not submit exhibits with the complaint or amended complaint. Instead, the relevant information should be paraphrased.  You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.  <u>Letters and Motions</u>.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

2

12.  <u>Completing the Civil Rights Complaint Form</u>.

**HEADING:**

    1.  <u>Your Name</u>.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

    2.  <u>Defendants</u>.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

    3.  <u>Jury Demand</u>.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

    1.  <u>Nature of Suit</u>.  Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "<u>Bivens v. Six Unknown Federal Narcotics Agents</u>" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

    2.  <u>Location</u>.  Identify the institution and city where the alleged violation of your rights occurred.

    3.  <u>Defendants</u>.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

    You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

    You must identify what rights each defendant violated.  The form provides space to allege three separate counts (**one violation per count**).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page. Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

1. <u>Counts</u>.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2. <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.  If you check the box marked "Other," you must identify the specific issue involved.

3. <u>Supporting Facts</u>.  After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.

4. <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>.  You must exhaust any available administrative remedies before you file a civil rights complaint.  <u>See</u> 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.  Failure to sign the complaint will delay the processing of your action.  Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

## FINAL NOTE

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**


# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| _____ , ) | ) |

<table>
<tr><td>_____ ,<br>(Full Name of Plaintiff)   Plaintiff,</td><td>)<br>)<br>)</td><td></td></tr>
<tr><td>vs.</td><td>)<br>)<br>)</td><td><b>CASE NO.</b> _____<br>(To be supplied by the Clerk)</td></tr>
<tr><td>(1) _____ ,<br>(Full Name of Defendant)</td><td>)<br>)</td><td></td></tr>
<tr><td>(2) _____ ,</td><td>)<br>)</td><td></td></tr>
<tr><td>(3) _____ ,</td><td>)<br>)</td><td><b>CIVIL RIGHTS COMPLAINT<br>BY A PRISONER</b></td></tr>
<tr><td>(4) _____ ,<br>Defendant(s).<br>☐ Check if there are additional Defendants and attach page 1-A listing them.</td><td>)<br>)<br>)<br>)</td><td>☐ Original Complaint<br>☐ First Amended Complaint<br>☐ Second Amended Complaint</td></tr>
</table>

### A. JURISDICTION

1. This Court has jurisdiction over this action pursuant to:
   - ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
   - ☐ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).
   - ☐ Other: _____.

2. Institution/city where violation occurred: _____.

Revised 3/9/07                                     1

**550/555**

**B.  DEFENDANTS**

1.   Name of first Defendant: _____. The first Defendant is employed as:
_____at_____.
(Position and Title)                                                        (Institution)

2.   Name of second Defendant: _____. The second Defendant is employed as:
_____at_____.
(Position and Title)                                                        (Institution)

3.   Name of third Defendant: _____. The third Defendant is employed as:
_____at_____.
(Position and Title)                                                        (Institution)

4.   Name of fourth Defendant: _____. The fourth Defendant is employed as:
_____at_____.
(Position and Title)                                                        (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

**C.  PREVIOUS LAWSUITS**

1.   Have you filed any other lawsuits while you were a prisoner?        ☐ Yes        ☐ No

2.   If yes, how many lawsuits have you filed? _____.  Describe the previous lawsuits:

   a.  First prior lawsuit:
      1.   Parties: _____ v. _____
      2.   Court and case number: _____.
      3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
      _____.

   b.  Second prior lawsuit:
      1.   Parties: _____ v. _____
      2.   Court and case number: _____.
      3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
      _____.

   c.  Third prior lawsuit:
      1.   Parties: _____ v. _____
      2.   Court and case number: _____.
      3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
      _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

2

## D.  CAUSE OF ACTION

### COUNT I

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
   ☐ Basic necessities        ☐ Mail          ☐ Access to the court      ☐ Medical care
   ☐ Disciplinary proceedings   ☐ Property      ☐ Exercise of religion     ☐ Retaliation
   ☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).
_____
_____
_____.

5.   **Administrative Remedies:**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available
        at your institution?                                                    ☐ Yes    ☐ No
   b.   Did you submit a request for administrative relief on Count I?            ☐ Yes    ☐ No
   c.   Did you appeal your request for relief on Count I to the highest level?   ☐ Yes    ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why
        you did not. _____
        _____.

3

## COUNT II

1.    State the constitutional or other federal civil right that was violated: _____
_____.

2.    **Count II.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities          ☐ Mail            ☐ Access to the court        ☐ Medical care
☐ Disciplinary proceedings   ☐ Property        ☐ Exercise of religion       ☐ Retaliation
☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3.    **Supporting Facts.**  State as briefly as possible the FACTS supporting Count II.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.    **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).
_____
_____
_____.

5.    **Administrative Remedies.**
a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                    ☐ Yes    ☐ No
b.    Did you submit a request for administrative relief on Count II?              ☐ Yes    ☐ No
c.    Did you appeal your request for relief on Count II to the highest level?     ☐ Yes    ☐ No
d.    If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

4

**COUNT III**

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count III.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
  ☐ Basic necessities          ☐ Mail          ☐ Access to the court          ☐ Medical care
  ☐ Disciplinary proceedings   ☐ Property      ☐ Exercise of religion         ☐ Retaliation
  ☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count III.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
  a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                    ☐ Yes   ☐ No
  b.   Did you submit a request for administrative relief on Count III?            ☐ Yes   ☐ No
  c.   Did you appeal your request for relief on Count III to the highest level?  ☐ Yes   ☐ No
  d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.  _____
_____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____        _____
                               DATE                                                                SIGNATURE OF PLAINTIFF


_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)
_____
_____
_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.

6