**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Timothy Paul Olmos, | ) |
| Plaintiff, | ) CIV 10-02564 PHX GMS MEA |
| v. | ) REPORT AND RECOMMENDATION |
| Charles Ryan, et al., | ) |
| Defendants. | ) |

**TO THE HONORABLE G. MURRAY SNOW:**

The only Defendants remaining in this matter are Defendant Ryan and Defendant Ortega. The complaint, filed November 28, 2010, was originally filed as one seeking certification of a class action.

In an order dated February 9, 2011, the Court concluded that the matter should not proceed as a class action suit. See Doc. 11. The Court stated:

> Although Timothy P. Olmos; David Stokes, II; James Walker; Jose Ulloa; Roger Clark; William McEnany; and "all others similarly situated" are listed as Plaintiffs in the caption of the Complaint, all of the pleadings in this action, including the Complaint, are only signed by Plaintiff Olmos. Additionally, in his lodged "Notice Of Appearance As Lead Plaintiff" (Doc. 4) (Notice), Plaintiff Olmos "notifies the Court of his appearance as lead plaintiff" and states that this "is appropriate due to the fact that his co-plaintiffs have approved of Plaintiff Olmos taking this role." Plaintiff informs the Court that as "lead plaintiff,

> Plaintiff Olmos will be responsible for all filing fees that may be incurred by his prosecution of this action" and that "[i]f any Plaintiff has died (or will die) prior to the commencement or resolution of this action (Plaintiff Olmos has had no contact with any of the named Plaintiffs since being moved to South Unit in October 2009), Plaintiff moves the Court to permit him to continue to represent any decedents that are named Plaintiffs for the benefit of their estates."
>
> In effect, Plaintiff is seeking to bring this action on behalf of the other inmates that he has listed as Plaintiffs in the caption of the Complaint and to act as counsel for them. This he cannot do. See <u>C.E. Pope Equity Trust v. United States</u>, 818 F.2d 696, 697 (9th Cir.1987) (while a non-attorney may represent himself, he has no authority to appear as an attorney for others). Not only have David Stokes, II; James Walker; Jose Ulloa; Roger Clark; William McEnany; and "all others similarly situated" not signed the Complaint, but also, as evidenced by Plaintiff Olmos's allegation in his Notice that he has not had any way to contact them since October 2009, they apparently do not have any specific knowledge of what is in the Complaint or that the Complaint has been submitted to the Court. Indeed, Plaintiff Olmos does not even know if they are still alive. Accordingly, the Court will dismiss Plaintiffs David Stokes, II; James Walker; Jose Ulloa; Roger Clark; William McEnany; and "all others similarly situated" from this action. If any of these Plaintiffs desire to pursue a complaint in this Court, they must file an action on their own behalf.

Doc. 11 at 3-4.

Plaintiff filed an amended complaint on March 14, 2011. <u>See</u> Doc. 21. The First Amended Complaint alleges fifteen counts for relief and seeks a jury trial, declaratory and injunctive relief, appointment of a special master, all fees and costs, and compensatory and punitive monetary damages, with compound interest.

In a decision issued May 11, 2011, See Doc. 27, the Court ordered Defendant Ryan to answer Count VIII, Plaintiff's claim that his Fifth and Fourteenth Amendment rights were violated by Defendant Ryan when he "failed to pay either actual or constructive interest on moneys that have been held in Plaintiff Olmos' prisoner spendable account and dedicated discharge account." Plaintiff alleges that this amounts to "an unconstitutional taking of his property." The Court also required Defendant Ryan to answer Plaintiff's due process claim in Count IX,[1] and Plaintiff's due process claim in Count X. The Court ordered Defendant Ortega to answer Count XV, Plaintiff's claim that Defendant Ortega used the "ADC's disciplinary policy to retaliate" against Plaintiff "without a legitimate penological interest for properly exercising his right to free speech. See Doc. 27.

On August 3, 2011, Plaintiff filed an interlocutory appeal to the Ninth Circuit Court of Appeals with regard to the Magistrate Judge's order at Doc. 31 denying Plaintiff's motion to amend his complaint without prejudice.

---

[1] Plaintiff alleges that Defendant Ryan "violated the inmate compensation requirements of A.R.S. § 31-254(A) and A.R.S. § 41-1624.01(A)-(B)," that he "downgraded the skill level of education aides . . . from skilled to semi-skilled when an automated system (called TOSS) was rolled out without changing any of the duties of the position to reflect the lowered skill level, resulting in a 5¢ per hour decrease in compensation," and that he has "continued the ADC's policy of not paying kitchen and inmate store workers (who perform labor or services for Defendants Canteen and Keefe, who are private contractors) a minimum of $2.00 per hour." Plaintiff further alleges that Defendant Ryan "financially injured" him "by underpaying him 5¢/hour in his current position as an education aide."

1   Defendants Ryan and Ortega answered the amended
2   complaint on September 26, 2011.  See Doc. 37.  On October 4,
3   2011, the Court issued a scheduling order, requiring that
4   discovery be completed by April 6, 2012, and that dispositive
5   motions be filed by June 29, 2012.  See Doc. 39.
6              On November 10, 2011, Plaintiff filed, *inter alia,* a
7   motion to stay (Doc. 40), asking the Court to stay all
8   proceedings until the class has been certified and Plaintiff's
9   motion for appointment of counsel has been decided.  Plaintiff
10  also filed an ex parte motion seeking a restraining order (Doc.
11  41); a motion seeking the appointment of counsel (Doc. 42); a
12  motion (Doc. 44) asking the Clerk of the Court to serve Doc. 22
13  (an affidavit by Plaintiff regarding his amended complaint) on
14  all Defendants; and a motion to supplement (Doc. 45), which
15  asked the Court to order that Doc. 2, Doc. 3, and Doc. 8 be made
16  a "part of court record."  Plaintiff also filed a motion seeking
17  a preliminary injunction (Doc. 46).
18             Plaintiff has also filed a motion (Doc. 53) seeking to
19  certify a class and to appoint counsel.
20             On December 19, 2011, the Magistrate judge denied
21  Plaintiff's motion to stay, Plaintiff's motion seeking the
22  appointment of counsel, and Plaintiff's motion asking the Court
23  to order the Clerk of the Court to serve the pleading at Doc. 22
24  on all parties.
25             In the motion to certify a class and appoint class
26  counsel at Doc. 53, Plaintiff asks the Court to certify the
27  following claims as class action claims: Plaintiff's claim that
28  the prison fails to supply basic necessities; "Violation of the

-4-

8th Amendment"; "Illegal Assessments Upon Class Members' Moneys";"Refusal to Pay Interest on Class Members' Moneys"; "Illegal Underpayment of Inmate Workers";"Illegal Confiscation of Inmate Property Upon Release"; "Overbroad Mail Policies". Plaintiff contends that he represents "all ADC inmates" who are similarly situated and that the size of the proposed class is "all ADC inmates". Plaintiff also seeks appointment of counsel for the class. Attached to the motion to certify a class are numerous letters from various counsel from various states informing Plaintiff that they will not represent him in his suit regarding the conditions of his confinement.

In response to Plaintiff's motion seeking class certification, Defendants argue the motion should be denied because Plaintiff is pro se and may not represent other inmates. Defendants also assert the motion is tardy, citing Rule 23(f)(3), Federal Rules of Civil Procedure. See Doc. 56. Defendants contend that Plaintiff is not entitled to the appointment of counsel because Plaintiff's claims are not extraordinary and because counsel need not be appointed before a class is certified.

The plaintiff bears the burden of establishing the requirements for certification of a class action. See, e.g., In re American Med. Sys., Inc., 75 F.3d 1069, 1079 (6th Cir. 1996). The Court has broad decision whether to certify a case as a class action. See e.g., Kamm v. California City Dev. Co., 509 F.2d 205, 210 (9th Cir. 1975).

The motion to certify a class should be denied. The Court has already considered and rejected such a motion. The

"law of the case" doctrine provides that decisions on legal issues made in a case "should be followed unless there is substantially different evidence ... new controlling authority, or the prior decision was clearly erroneous and would result in injustice." Handi Investment Co. v. Mobil Oil Corp., 653 F.2d 391, 392 (9th Cir. 1981). See also United States v. Park Place Assoc., Ltd., 563 F.3d 907, 918 (9th Cir. 2009) (internal quotation marks and citation omitted).

Accordingly,

**IT IS RECOMMENDED that** Plaintiff's motion to certify a class and appoint class counsel (Doc. 53) be **denied**.

DATED this 11th day of January, 2012.

_____
Mark E. Aspey
United States Magistrate Judge

-6-