**WO**                                                                                                           SVK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Timothy P. Olmos, | No. CV 10-2564-PHX-GMS-MEA |
| Plaintiff, | **ORDER** |
| vs. | |
| Charles Ryan, et al., | |
| Defendants. | |

Plaintiff Timothy P. Olmos filed this civil rights action under 42 U.S.C. § 1983 against various officials of the Arizona Department of Corrections (ADC). (Doc. 12.) Plaintiff filed a Motion for a Temporary Restraining Order and a Motion for a Preliminary Injunction. (Docs. 41, 46.[1]) The Court will deny the motions.

**I.     Background**

On screening of Plaintiff's 15-count First Amended Complaint, the Court directed Defendant Charles L. Ryan to answer Plaintiff's due process claims in Counts VII (illegal taking of money from his account), IX (violating state law inmate compensation statutes), and X (required surrender, without compensation, of orange clothing purchased at the inmate store); Counts III (conditions of confinement, including insufficient necessities such as food, clothing, and hygiene products and overcrowding) and VIII (unconstitutional taking of money through failure to pay interest on money in his prisoner account); and Plaintiff's free

---

[1] These documents appear to be identical.

speech claim regarding his incoming mail policy in Count XI. (Doc. 27.) It also ordered Defendant Allen Ortega to answer the retaliation claim in Count XV. The remainder of the Defendants and claims were dismissed. (Id.)

## II.  Preliminary Injunction and Temporary Restraining Order

### A.  Legal Standard

A preliminary injunction is an extraordinary and drastic remedy and "one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (per curiam) (quoting 11A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2948, pp. 129-130 (2d ed. 1995)). An injunction may be granted only where the movant shows that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 129 S. Ct. 365, 374, 376 (2008); Am. Trucking Ass'n, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009). The movant has the burden of proof on each element of the test. Environmental Council of Sacramento v. Slater, 184 F. Supp. 2d 1016, 1027 (E.D. Cal. 2000).

Under the "serious questions" version of the sliding-scale test, a preliminary injunction is appropriate when a plaintiff demonstrates that "serious questions going to the merits were raised and the balance of hardships tips sharply in [plaintiff's] favor." Alliance for the Wild Rockies v. Cottrell, 632 F. 3d 1127, 1134-35 (9th Cir. 2011), citing Lands Council v. McNair, 537 F.3d 981, 987 (9th Cir. 2008) (en banc). This approach requires that the elements of the preliminary injunction test be balanced, so that a stronger showing of one element may offset a weaker showing of another. "'[S]erious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." Id. at 1135.

A request for a TRO is governed by the same general standards that govern the issuance of a preliminary injunction. See New Motor Vehicle Bd. V. Orrin W. Fox. Co., 434

U.S. 1345, 1347 n. 2 (1977); Los Angeles Unified Sch. Dist. V. U.S. Dist. Court, 650 F.2d 1004, 1008 (9th Cir. 1982).

The Prison Litigation Reform Act (PLRA) also imposes requirements on prisoner litigants who seek preliminary injunctive relief against prison officials. "Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). Thus, § 3626(a)(2) limits the court's power to grant preliminary injunctive relief to inmates; "no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." Gilmore v. People of the State of Cal., 220 F.3d 987, 999 (9th Cir. 2000).

In addition, because the function of a preliminary injunction is to preserve the status quo pending a determination on the merits, Chalk v. U.S. Dist. Court, 840 F.2d 701, 704 (9th Cir. 1988), there is heightened scrutiny where the movant seeks to alter rather than maintain the status quo. Dahl v. HEM Pharms. Corp., 7 F.3d 1399, 1403 (9th Cir. 1993) (holding that mandatory, as opposed to prohibitory, injunctions are "subject to a heightened scrutiny and should not be issued unless the facts and law clearly favor the moving party"). The Ninth Circuit has held that this type of mandatory injunctive relief is disfavored, and should be denied unless the facts and law clearly favor the movant. Anderson v. United States, 612 F.2d 1112, 1114 (9th Cir. 1979). Generally, an injunction should not issue if it "is not of the same character, and deals with a matter lying wholly outside the issues in the suit." Kaimowitz v. Orlando, Fla., 122 F.3d 41, 43 (11th Cir. 1997).

**B.     Parties' Contentions**

Plaintiff seeks an order for the following relief: (1) directing staff to process photocopies of Health Needs Requests (HNRs); (2) prohibiting staff from denying medications and medical supplies on the grounds that inmates must purchase them and directing that OTC medications be prescribed at no charge; (3) restraining Ryan from serving only two meals per day on weekends and holidays; (4) restraining Ryan from making further cost-cutting modifications to ADC's menu without prior Court approval; (5) restraining staff

1 from seizing legal books in an inmate's possession on the grounds that the inmate has
2 exceeded the permissible number of books; (6) restraining staff from counting legal books
3 against the number of permissible books; (7) restraining staff from retaliating against
4 Plaintiff, witnesses and all persons that may provide evidence; (8) restraining Sergeant Evans
5 from having any contact with Plaintiff for any business; and (9) directing Ryan to provide
6 Plaintiff exclusive access to an electronic research station located in the Resource Center of
7 his prison unit, as well as a printer/scanner, a full subscription to Westlaw or Lexis, internet
8 access, and other amenities. (Docs. 41, 46.)

9 Defendants oppose the motion arguing that Plaintiff fails to show that many of the
10 requests are even related to the claims in the Complaint, Plaintiff's request is nothing but a
11 "wish list" without evidentiary support, and Plaintiff fails to demonstrate irreparable harm
12 or the other requirements for a preliminary injunction. (Doc. 58 at 3-5.) Plaintiff replies and
13 files a supplement to his reply. (Doc. 62, 67.)

**C.  Analysis**

15 The Court will deny the motions. As Defendants observe, some of what Plaintiff
16 seeks is beyond the scope of the claims raised in the First Amended Complaint—for
17 example, the references to processing HNRs and providing medications and medical
18 supplies. See Kaimowitz, 122 F.3d at 43. Plaintiff has no constitutional right to the legal
19 materials he seeks, see Lewis v. Casey, 518 U.S. 343, 354 (1996), and Plaintiff cannot
20 seriously argue that he has been denied access to the courts given the number of motions he
21 has filed and the length of his pleadings. (See e.g., Docs. 1-2, 4, 7, 8, 10, 16, 17, 19-26, 29-
22 30, 32, 40-55, 60-63.) The Court will not interfere with the operations of the prison
23 regarding an injunction against Sergeant Evans, who is not a Defendant. Finally Plaintiff has
24 failed to establish any of the requirements for a preliminary injunction, including a likelihood
25 of success on the merits or a showing of irreparable harm.

**IT IS ORDERED:**

27 (1) The reference to the Magistrate Judge is withdrawn as to Plaintiff's Ex Parte
28 Motion for Temporary Restraining Order (Doc. 41) and Plaintiff's Motion for Preliminary

- 4 -

Injunction (Doc. 46).

(2) Plaintiff's Ex Parte Motion for Temporary Restraining Order (Doc. 41) and Plaintiff's Motion for Preliminary Injunction (Doc. 46) are **denied**.

DATED this 23rd day of January, 2012.

*A. Murray Snow*
G. Murray Snow
United States District Judge