**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Timothy Paul Olmos, | )  No. 10-CV-2564-PHX-GMS |
| Plaintiff, | )  **ORDER** |
| vs. | ) |
| Charles Ryan, et al., | ) |
| Defendants. | ) |

Pending before the Court are several motions filed by Plaintiff: 1) Motion for Class Action Certification and Appointment of Counsel (Doc. 53); 2) Motion for District Court Judge to Vacate Orders of Magistrate Judge and Rule on Underlying Motions (Doc. 74); 3) Motion for District Court Judge to Vacate Order of Magistrate (Doc. 88); and 4) Motion for Cease and Desist Order upon Magistrate (Doc. 92). For the reasons discussed below, Plaintiff's motions are denied.

**BACKGROUND**

On November 28, 2010, Plaintiff Timothy Olmos, who is confined in the Arizona State Prison Complex-Florence, filed his initial complaint in this action alleging numerous violations by Defendants of his Constitutional rights. In that complaint, Plaintiff sought to represent not only himself, but also several other named inmates and "all others that are similarly situated." (Doc. 2 at 1). The Court interpreted this as an "attempt[ ] to bring this action in part as a class action." (Doc. 11 at 4). Because Plaintiff is not a licensed attorney

1   and therefore cannot represent other plaintiffs, much less represent a class, the Court

2   determined that "this action will not be allowed to proceed as a class action." (*Id.* at 5).

3       On March 14, 2011, Plaintiff filed his First Amended Complaint. (Doc. 21). The First

4   Amended Complaint lists Olmos as the sole plaintiff and alleges fifteen counts for relief,

5   including numerous claims of cruel and unusual punishment pursuant to the Eighth and

6   Fourteenth Amendments; various claims of violation of the right to adequate, meaningful

7   access to the courts pursuant to the First, Fifth, and Fourteenth Amendments; claims of

8   violation of the rights of due process, equal protection and freedom from unconstitutional

9   takings pursuant to the Fifth and Fourteenth Amendments; claims of violation of the right to

10  be free from unsafe work conditions pursuant to the Fifth, Eighth, and Fourteenth

11  Amendments; and claims of violations of the right to free speech under the First Amendment.

12  (*Id.*).

13      On May 5, 2011, the Court dismissed all defendants to Plaintiff's complaint except

14  for Defendants Charles L. Ryan and Allen Ortega and referred the action fo Magistrate Judge

15  Mark E. Aspey for "all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1)."

16  (Doc. 27). On September 26, 2011, Defendants answered Plaintiff's amended complaint, and

17  on October 4, 2011, Magistrate Judge Aspey issued a scheduling order, requiring that

18  discovery be completed by April 6, 2012, and that dispositive motions be filed by June 29,

19  2012. (Doc. 39).

20      On November 11, 2011, Plaintiff filed a Motion for Class Action Certification and

21  Appointment of Counsel. (Doc. 53). The class for which Plaintiff seeks certification is "all

22  male and female prisoners committed to ADC's [i.e. Arizona Department of Corrections']

23  legal custody." (Doc. 53 at 3). On January 12, 2012, Magistrate Judge Aspey issued an R &

24  R recommending that the motion for class certification be denied. (Doc. 70).

25      On January 27, 2012, Plaintiff filed a Motion for District Court Judge to Vacate

26  Orders of Magistrate Judge, in which Plaintiff requests that the Court vacate its referral of

27  this action to the magistrate judge on the grounds that Plaintiff did not consent to the referral.

28  (Doc. 74). Plaintiff also moves that the Court vacate several of the magistrate judge's orders

1    and issue an order that he "cease and desist from making any future rulings in this case."

2    (Docs. 74, 88, 92). On February 2, 2012, Plaintiff filed a Motion to District Court Judge to

3    Reset Scheduling Order. (Doc. 75). The Court will address each outstanding motion in turn.

4                                    **DISCUSSION**

5    **I.     Motion for Class Action Certification**

6           **A.     Legal Standard**

7           A class may not be certified unless it meets each of the four requirements of Rule

8    23(a), typically referred to as numerosity, commonality, typicality, and adequacy of

9    representation. FED. R. CIV. P. Rule 23(a). The party seeking certification bears the burden

10   of demonstrating that it has met all of these requirements, and "the trial court must conduct

11   a 'rigorous analysis'" to determine whether it has met that burden. *Zinser v. Accufix Research*

12   *Inst.*, 253 F.3d 1180, 1186 (9th Cir. 2001) (quoting *Velntino v. Carter-Wallace, Inc.*, 97 F.3d

13   1227, 1233 (9th Cir. 1996)).

14          **B.     Analysis**

15          In a February 9, 2011 Order, the Court interpreted Plaintiff's initial complaint as an

16   "attempt[ ] to bring this action in part as a class action." (Doc. 11 at 4). Because Plaintiff is

17   not an attorney and could not provide adequate representation for the class, the Court held

18   that "this action will not be allowed to proceed as a class action." (*Id.* at 5). On November

19   22, 2011, Plaintiff filed a more overt motion for class certification. (Doc. 53). Magistrate

20   Judge Aspey has issued an R & R recommending that Plaintiff's motion for class

21   certification be denied under the "law of the case" doctrine, given the Court's February 9

22   Order. (Doc. 70 at 5–6).

23          Plaintiff objects to the R & R, arguing that the Court erred in its February 9, 2011

24   Order "by presuming that Olmos had moved for class certification" in his original complaint

25   and accompanying filings. (Doc. 73 at 2). "Although 'law of the case' is not an inexorable

26   command, prior decision of legal issues should be followed unless there is substantially

27   different evidence at a subsequent trial, new controlling authority, or the prior decision was

28   clearly erroneous and would result in injustice." *Handi Inv. Co. v. Mobil Oil Corp.*, 653 F.2d

1   391, 392 (9th Cir. 1981) (internal quotation omitted). Plaintiff argues that the Court's prior

2   decision was "clearly erroneous" and therefore that the law of the case doctrine cannot

3   attach. (Doc. 73 at 3).

4        The Court's construal of Plaintiff's initial filings as a motion for class certification

5   was not clearly erroneous. Plaintiff contends that he did not even know at the time he

6   submitted his complaint of the need for class certification, and that under *Estelle v. Gamble*,

7   his complaint should have been "liberally construed" in his favor. 429 U.S. 97, 106 (U.S.

8   1976) (internal quotations omitted). *Estelle*, however, was a case in which the Supreme Court

9   addressed the *factual* allegations a plaintiff must include in a complaint for it to survive a

10  Rule 12(b)(6) motion. *Id.* ("[A] pro se complaint, however inartfully pleaded, must be held

11  to less stringent standards than formal pleadings drafted by lawyers and can only be

12  dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove

13  no set of facts in support of his claim which would entitle him to relief."). The Court in

14  *Estelle* did not state that courts must give *pro se* litigants procedural leeway. Rather, as held

15  by the Ninth Circuit, "[a]lthough [the Court] construe[s] pleadings liberally in their favor, pro

16  se litigants are bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir.

17  1995) (citing *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)). Plaintiff is not entitled to

18  leeway based on his ignorance of class action procedures.

19       Moreover, even had the Court been in error to construe Plaintiff's initial filing as a

20  class certification motion, Plaintiff's instant certification motion would fail for the same

21  reason his initial motion failed, namely Plaintiff's failure to procure adequate representation

22  for the proposed class. *See* FED. R. CIV. P. Rule 23(a)(4). The party seeking certification

23  bears the burden of demonstrating adequate representation. *Zinser*, 253 F.3d at 1186.

24  Because Plaintiff is not represented by counsel, and because he may not appear as an attorney

25  for other persons in the class, there is no adequate representation for the proposed class. *See*

26  *McShane v. United States*, 366 F.2d 286, 288 (9th Cir. 1966) (non-lawyer had no authority

27  to appear as an attorney for other persons in a purported class action). The Court will deny

28  Plaintiff's motion for class certification.

## II.    Motion to Appoint Counsel

Plaintiff next requests that the Court appoint counsel for him. "[T]here is no constitutional right to appointed counsel in civil-rights cases." *Wright v. Director of Corrections*, 443 Fed. Appx. 289, 293 (9th Cir. 2011). However, "*in exceptional circumstances*, the court may request counsel to voluntarily provide representation." *Id.* (emphasis added). "In deciding whether to appoint counsel . . .  the district court must evaluate both [1] the likelihood of success on the merits and [2] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (citing *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) ("Neither of these factors is dispositive and both must be viewed together before reaching a decision.").

In the magistrate judge's R & R, he recommends that Plaintiff's motion to appoint counsel be denied. (Doc. 70 at 6). As Plaintiff alludes to in his objection to the R & R, the magistrate judge does not, in recommending this denial, address the likelihood of success on the merits or the ability of Plaintiff to articulate his claims *pro se*. (*See id.*). Having considered both these elements, however, it does not appear at this time that exceptional circumstances are present that would require the appointment of counsel in this case. Plaintiff is in no different position than most other *pro se* prisoner litigants. The Court will therefore deny Plaintiff's motion to appoint counsel.

Plaintiff alternatively contends that he is entitled to representation under Federal Rule of Civil Procedure 23(g), which states that "a court that certifies a class must appoint class counsel." Rule 23(g), however, "contemplates appointment of class counsel from among the lawyers representing the members of the class *after* the class is certified." *Ayazi v. New York City Bd. of Educ.*, 2010 WL 4789403 at *2 (E.D.N.Y. Nov. 17, 2010) (emphasis in original). Accordingly, this Rule "does not provide for appointment of class counsel to represent a pro se Plaintiff before class certification has taken place." *Id. See also Day v. Wall*, 2008 WL 4773054, at *2 (D.R.I. Oct. 20, 2008). ("Federal Rule 23(g) instructs federal courts that have certified a class to choose counsel to represent the class from among counsel representing the parties that make up the class; it does not require courts to appoint free counsel to a proposed

class.").

## III.    Motions Regarding Magistrate Judge's Authority to Issue Pre-Trial, Nondispositive Orders

Plaintiff has made three motions challenging the magistrate judge's authority to issue orders in this action. (Docs. 74, 88, 92). Plaintiff contends, citing Federal Rule of Civil Procedure 73, that the magistrate judge lacks authority to issue orders in this action because Plaintiff did not consent to magistrate judge jurisdiction. (Docs. 74, 84, 88). As the Ninth Circuit has made clear, however, Plaintiff's consent is not required for magistrate judge jurisdiction over pretrial, nondispositive matters—which are governed by Rule 72, not Rule 73:

> Rule 73 implements the procedural protections envisioned in 28 U.S.C. § 636(c), and therefore only addresses the prerequisites of a magistrate judge-conducted *trial* or magistrate-issued *dispositive order*. Notwithstanding subsection 636(c), the magistrate judge's jurisdiction over any *pretrial nondispositive* matters, including magistrate-recommended dispositions, is not contingent on litigant consent, 28 U.S.C. § 636(b)(1), and Rule 72, not 73, codifies the attendant procedures.

*Anderson v. Woodcreek Venture Ltd.*, 351 F.3d 911, 917 (9th Cir. 2003) (emphasis in original).

The orders which Plaintiff seeks vacated or overruled are all orders resolving pretrial, nondispositive matters. (*See* Docs. 31, 39, 64, 87). Plaintiff's motions to vacate and motion for a cease and desist order on the magistrate judge, will therefore be denied.

Lastly, Plaintiff has filed a Motion to District Court Judge to Reset Scheduling Order (Doc. 75). Plaintiff apparently addressed this motion to the district court judge under the assumption that the magistrate judge lacks authority to reset the scheduling order without Plaintiff's consent. Scheduling orders, however, are nondispositive, pretrial matters. As discussed above, a magistrate judge's jurisdiction over such matters is not contingent on litigant consent. The magistrate judge will, therefore, rule on Plaintiff's scheduling motion.

## CONCLUSION

The Court denied Plaintiff's request for class certification in a prior order. Moreover, Plaintiff has not made a showing of adequate representation for the proposed class. His

proposed class will not, therefore, be certified. In addition, Plaintiff has not demonstrated the requisite exceptional circumstances in this action for the Court to appoint counsel. The magistrate judge has authority under Rule 72 to rule on this action's nondispositive, pretrial matters.

**IT IS THEREFORE ORDERED THAT:**

1.      Magistrate Judge Aspey's R & R (Doc. 70) is **ACCEPTED**.

2.      Plaintiff's Motion for Class Action Certification and Appointment of Counsel (Doc. 53) is **DENIED**.

3.      Plaintiff's Motion for District Court Judge to Vacate Orders of Magistrate Judge and Rule on Underlying Motions (Doc. 74) is **DENIED**.

4.      Plaintiff's Motion for District Court Judge to Vacate Order of Magistrate (Doc. 88) is **DENIED.**

5.       Plaintiff's Motion for Cease and Desist Order upon Magistrate (Doc. 92) is **DENIED.**

DATED this 4th day of May, 2012.

G. Murray Snow
United States District Judge