**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Timothy Olmos,<br><br>        Plaintiff,<br><br>vs.<br><br>Charles Ryan, et al.,<br><br>        Defendants. | No. CV-10-2564-PHX-GMS (BSB)<br><br>**ORDER** |

On March 14, 2011, Plaintiff, proceeding *pro se*, commenced this civil rights action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights including his first amendment right to free speech and his right to due process. (*See* docs. 21, 27.) Plaintiff moved for certification of a class consisting of "all male and female prisoners committed to ADC's [Arizona Department of Corrections'] legal custody." (Doc. 53 at 3.) On May 4, 2012, the Court denied the motion based on "Plaintiff's failure to procure adequate representation" as required by Federal Rule of Civil Procedure 23(a)(4). (Doc. 95 at 4.) The Court explained that, "[b]ecause Plaintiff is not represented by counsel, and because he may not appear as an attorney for other persons in the class, there is no adequate representation for the proposed class." (*Id.*) (citing *McShane v United States*, 366 F.2d 286, 288 (9th Cir. 1966) (non-lawyer had no authority to appear as an attorney for other persons in a purported class action)).

Plaintiff has now filed a "Motion to Correct a Failure to Serve Plaintiff a Copy of Court Order and Reset Deadline to File a Notice of Appeal." (Doc. 103.) Plaintiff contends that he did not receive a copy of the Court's order denying his request for class certification and

therefore he was unable to file a timely appeal. Although Plaintiff cites Federal Rule Civil Procedure 60(b), he is not seeking relief from a final judgment or order as that rule provides, but instead he requests a copy of the May 4, 2012 order and an extension of time to appeal that order. The Court will grant Plaintiff's request for a copy of the order but, for the reasons discussed below, deny the motion for extension of time to appeal.

The deadline for filing an appeal depends on whether the order Plaintiff challenges is immediately appealable or subject to the Court's discretion. Thus, the Court first considers whether Plaintiff may immediately appeal the order denying class certification. *See* Fed. R. App. P. 4, 5. Title 28 U.S.C. § 1292(a) provides for the immediate appeal of certain listed orders, but generally class certification are not immediately appealable. *See Bauman v. United States District Court*, 557 F.2d 650, 663 (9th Cir. 1977) (Hufstedler, J., concurring) (stating that "generally an order certifying a class action is a non-appealable interlocutory order."). Accordingly, Plaintiff must obtain certification from this Court to appeal such a non-final, interlocutory order. *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 474 (1978).

Although there is no specific time limit for seeking certification under § 1292(b), if the district court grants a party's request for certification, that party may then petition the Court of Appeals within ten days for permission to immediately appeal the certified issue. 28 U.S.C. § 1292(b). Because Plaintiff has not requested, and the Court has not granted, permission to seek an interlocutory appeal pursuant to 28 U.S.C. § 1292(b), Plaintiff's motion for extension of time to appeal the May 4, 2012 order will be denied as premature.

Moreover, even if a request for certification of an interlocutory appeal were before this Court, Plaintiff cannot meet the standard for such certification. Under 28 U.S.C. § 1292(b), to obtain certification for an interlocutory appeal, Plaintiff must demonstrate that:

> the order not otherwise appealable under [section 1292] involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation . . . .

28 U.S.C. § 1292(b). Thus, to satisfy the certification requirements of section 1292(b), Plaintiff must establish "(1) that there [is] a controlling question of law, (2) that there [is] substantial

- 2 -

grounds for difference of opinion, and (3) that an immediate appeal may materially advance the ultimate termination of the litigation." *See In re Cement Antitrust Litigation*, 673 F.2d at 1026. Plaintiff, who bears the burden of showing that exceptional circumstances exist sufficient to depart from the "basic policy of postponing appellate review until after the entry of a final judgment,"cannot satisfy these requirements.[1] *Coopers & Lybrand*, 437 U.S. 463 at 475 (citations omitted).

Plaintiff sought certification of a class consisting of "all male and female prisoners committed to ADC's legal custody." (Doc. 53 at 3.) The Court denied that motion on the ground that Plaintiff did not procure adequate representation for the proposed class. That denial did not affect the merit of Plaintiff's allegations that Defendants violated several of his constitutional rights. (*See* Docs. 21, 95.) Therefore, an interlocutory appeal from that order would not present "a controlling question of law" related to Plaintiff's claims. Additionally, Plaintiff cannot show that there are "substantial grounds for differences of opinion," regarding whether an unrepresented prisoner plaintiff has provided adequate representation for a proposed class. *See* Fed.R.Civ.P. 23(a)(4); *McShane v. United States*, 366 F.2d 286, 288 (9th Cir. 1966) (stating that non-lawyer lacked authority to appear as attorney for other persons in a purported class action). Finally, because the class certification order does not involve the merits of Plaintiff's claims, but was merely a pretrial procedural matter, an immediate appeal will not "materially advance the ultimate termination" of this action. 28 U.S.C. § 1292(b); *see also In re Cement Antitrust Litigation*, 673 F.2d at 1026. Accordingly, the order denying class certification does not meet the criteria for immediate appellate review under 28 U.S.C. § 1292(b). As such, there is no deadline for filing an interlocutory appeal for the Court to extend.

In accordance with the foregoing,

---

[1] Furthermore, "section 1292(b) is to be applied sparingly and only in exceptional cases." *In re Cement Antitrust Litigation*, 673 F.2d 1020, 1027 (9th Cir. 1982); *see also James v. Price Stern Sloan, Inc*., 283 F.3d 1064, 1068 n. 6 (9th Cir. 2002) (stating that section 1292(b) is a departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly).

- 3 -

**IT IS ORDERED** that Plaintiff's Motion to Correct Failure to Serve Plaintiff a Copy of a Court Order (Doc. 103) is **GRANTED** to the extent that the Clerk of Court is directed to send Plaintiff a copy of the Court's May 4, 2012 Order (Doc. 95).

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Reset Deadline to File a Notice of Appeal (Doc. 103) is **DENIED**.

DATED this 13th day of August, 2012.

_A. Murray Snow_
G. Murray Snow
United States District Judge